Parry v. Woodson.

JOSEPH C. PARRY, Respondent, *v.* BRANHAM H. WOODSON, Appellant.

33  347
143  212

33  347
150  329
79a  182

33  347
86a  545
86a  546

33    347
99a  ¹431

*Amendment—Misnomer.*—The plaintiff may amend his petition by correcting a mistake in the name of the defendant. (R. C. 1855, § 3, p. 1253; s. d. 10, of § 19, p. 1256; § 20 p. 1257.) Such amendment is no cause for setting aside a judgment by default.

*Evidence—Name.*—A name is a means of identity. Process served upon a party by a wrong name is well served.

*Appeal from Greene Common Pleas Court.*

*Wilkes, Edwards & Ewing,* for respondent.

I. The court below did right in permitting plaintiff to amend by changing the christian name of the defendant. (R. C. 1855, § 3, p. 1253; Middleton & Riley v. Frame, 21 Mo. 412.)

II. Even if the court below had erred in permitting the plaintiff to amend, the judgment could not be set aside by motion; it must be done by *petition* and *affidavit.* (R. C. 1855, p. 1281, § 13, 14, 15 & 16.)

III. It was too late, after verdict and judgment, to take advantage of a misnomer. (Thompson & Price v. Elliot, 5 Mo. 118; Carpenter v. State, 8 Mo. 291; 1 Chit. 282.)

IV. The defendant having been summoned by the name of B. H. Woodson (see sheriff's return), it was his privilege to introduce evidence to show that B. H. and Branham H. Woodson were different persons; this he failed to do. (Birch & Hayden v Rogers, 3 Mo. 227; Weaver, to use of Webb, v. McElhenon, 13 Mo. 89.)

DRYDEN, Judge, delivered the opinion of the court.

The plaintiff sued the defendant by the name of Benjamin H. Woodson to recover the amount of a promissory note made by the defendant. Process was personally served, and at the return term, and after the expiration of the time for answering, the plaintiff, having obtained leave, amended his petition by striking out the name Benjamin and inserting in its place the name *Branham;* and the defendant still contin-

uing in default, judgment was rendered for the plaintiff. The defendant then appeared and moved the court to set aside the judgment; but his motion being overruled, he appealed to this court.

The point of the objection to the judgment of the lower court is, that the defendant having been sued and served with process by a wrong name, the court acquired no jurisdiction of him, and could render no valid judgment against him. The objection gives the name quite too much importance. A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued but the person to whom it is applied. Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fail to appear, or appearing fail to object that he is sued by the wrong name, and judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name. The use of the right name is every way preferable, since without it as a means of identification the evidence of the identity of the person sued may in process of time become lost; and hence the propriety of the amendment in this case; but so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name.

The power of the court to make the amendment complained of, as well before as after judgment, was unquestionable. (R. C. 1855, § 3, p. 1253; sub. 10 of § 19, p. 1256; § 20, p. 1257.)

The judgment must be affirmed, with ten per cent. damages. The other judges concur.