EVANS-SMITH DRUG COMPANY, Appellant, v. S. O. WHITE, Respondent.

Kansas City Court of Appeals, February 4, 1901.

1. **Trial Practice:** MISNOMER: APPEARANCE: OBJECTION. Where a party is sued by the wrong name he must appear and object, but where the suit is in one name and the summons in another, and there is an appearance without objection, the party served and appearing will be assumed to be the party sued.

2. **Justices' Courts: APPEAL: JURISDICTION.** Where, on an appeal from the justice of the peace, an affidavit and an appeal bond gave the wrong name for the appellee, such defective papers do not deprive the circuit court of jurisdiction nor invalidate its judgment, the appellee having made no objection or appearance until after judgment.

3. ——: ——: **AMENDMENT OF PARTIES NAMED.** On an appeal from the justice of the peace to the circuit court, the plaintiff may amend his account by correcting the name of the defendant.

Appeal from the Bates Circuit Court.—*Hon. W. W. Graves, Judge.*

REVERSED.

*Smith & Denton* for appellant.

(1) The summons issued in this case by the justice was actually served upon the defendant, and it was the duty of the defendant to appear in answer thereto, whether served by the right name or not, and if she did not appear in answer thereto she can not be heard to complain of the judgment. Parry v. Woodson, 33 Mo. 347; Lumber Co. v. Lumber Co., 39 Mo. App. l. c. 218; Kronski v. Railroad, 77 Mo. l. c. 370; Penn. Co. v. Sloan, 125 Ill. 72; s. c., 8 Am. St. Rep. 337; Railroad. v. Bolding, 30 Am. St. Rep. l. c. 541; s. c., 69 Miss. 255. (2) The defendant by her failing, on her appearance in answer to the summons to object to the proceedings because her name was not the name of the party sued, but instead making the motion to dismiss, left herself still within the jurisdiction of the court on the appeal taken from the judgment of the justice. Griffin v. Van Meter, 53 Mo. 430; Parry v. Woodson, 33 Mo. 347; Boulware v. Railroad, 79 Mo. l. c. 496; Gant v. Railroad, 79 Mo. l. c. 503; McQuillen's Plead. and Prac., sec. 331; Wilkerson v. Sampson, 56 Mo. App. l. c. 281. (3) The fact

that the transcript duly certified to the circuit court shows that an appeal was allowed by the justice gave the circuit court jurisdiction of the case.    Welsh v. Railroad, 55 Mo. App. l. c. 604 and cases cited; Moulder & Simpson v. Anderson, 63 Mo. App. l. c. 39.    (4) The fact that the abbreviation "Mrs." was on the justice docket placed before the name H. A. White, and at other times was not so placed, did not change the name, because it is not a name, or a part of a name.    Elbertson v. Richards, 42 N. J. Law 69; Schmidt v. Thomas, 33 Ill. App. pp. 109, 111, 112; Davis v. State, 11 S. W. Rep. (Tex.), 647; Johnson v. Ellison, 16 Am. Dec. 163.    (5) The service of the notice of appeal on the defendant was a notice to her to appear in the circuit court and object or answer to the complaint of the plaintiff, and by failing to appear, she is estopped from complaining as to the judgment taken against her on default. R. S. 1899, sec. 4074.    (6) Upon no principle or rule of law was the court authorized to set aside the judgment rendered on default against the defendant, she having been regularly served with notice of appeal and no cause shown for her failure to appear.    Carr v. Dawes, 46 Mo. App. 351.

*Silvers & Silvers* for respondent.

(1) The statute requires a recognizance before a justice "to the adverse party in a sum sufficient to secure the payment of judgment and costs of appeal," etc.    Revised Statutes 1899, sec. 4060.    In this case the bond was made payable to H. A. White, whom the evidence shows to have been the deceased husband of Mrs. S. O. White.    There was never an affidavit of appeal filed as required by section 4062 of the Revised Statutes of 1899.    (2) In this case the circuit court acquired no jurisdiction of any cause against Mrs. S. O. White or Mrs. H. A. White.    Moulder & Simpson v. Anderson, 63 Mo. App. 34; Devore v. Staeckler, 49 Mo. App. 547.    (3) After the

transcript was filed in the circuit court the plaintiff amended his cause of action by substituting a new party, namely Mrs. S. O. White whom he alleges was doing business in the name of Mrs. H. C. White. So we have an action originally commenced against H. A. White on a debt originally contracted by H. A. White in his lifetime culminating in a judgment against his wife, Mrs. S. O. White. This was such a material amendment as to constitute a new cause of action. Altheimer v. Teuscher, 47 Mo. App. 284; Courtney v. Sheehy, 38 Mo. App. 290, 293; Clements v. Greenwell, 40 Mo. App. 589, 594.

ELLISON, J.—This action is based on an account for merchandise. It was begun before a justice of the peace where plaintiff failed to appear at the return day. The defendant did appear and filed her motion to dismiss the cause for want of prosecution which the justice sustained. Afterwards, plaintiff appealed to the circuit court, giving written notice of such appeal to defendant. The suit as instituted before the justice was against "H. A. White" and the account was not itemized. The summons issued by the justice directed that "Mrs. S. O. White" be summoned and the constable made return that he had served Mrs. S. O. White. The affidavit for appeal to the circuit court was entitled in the name of this plaintiff against "H. A. White," and the bond was to "H. A. White." The notice of appeal was entitled in the name of this plaintiff against "Mrs. H. A. White" and was served on her by that name.

In the circuit court, plaintiff filed an amended account styling it "Mrs. S. O. White doing business in the name of Mrs. H. C. White, Dr. to Evans-Smith Drug Co." and itemized it. Judgment was then duly rendered by the circuit court against "Mrs. S. O. White." The defendant Mrs. White, up to this point, had not appeared in the circuit court. Afterwards, at the same term, she did appear and filed a motion

to set aside the judgment aforesaid, which the court sustained. That motion entitled the suit as against "Mrs. H. C. White" and then proceeds to state that: "Now at this time comes Mrs. S. O. White and moves the court," etc. From the judgment sustaining said motion plaintiff prosecutes this appeal.

Defendant in support of the judgment sustaining his motion to set aside plaintiff's judgment uses the following language:

"From inspection of the record it appears that this suit was brought originally against H. A. White; that his wife was summoned before the justice of the peace and procured judgment against the plaintiff for costs. From this judgment no appeal was taken. The plaintiff filed his affidavit in a case against H. A. White and gave a bond payable to H. A. White. There was no attempt to correct this error by filing a new bond or affidavit. Our contention is that no appeal was ever taken from the judgment in favor of Mrs. S. O. White, or Mrs. H. A. White."

No satisfactory explanation is made why so much confusion appears in the name of the defendant in this cause. The defendant is styled H. A. White, and S. O. White and then Mrs. H. A. White, and Mrs. S. O. White; and again, as Mrs. S. O. White widow of H. A. White. These different designations being used not only in different papers in the cause but, in some instances, in the same paper. Not being content with such confusion, the defendant is finally designated as Mrs. H. C. White. So that from the papers and parts of the record in the cause we are unable to say whether the party sued and upon whom papers were served and against whom judgment was obtained is the same person. Neither are we able to say whether defendant is a man or a woman.

But finally, the party upon whom all the papers had been served under these different designations appeared as a witness in the circuit court cause and rendered clear what without her

aid would never have been known.   She testified that "my name is Susan Ordelia White," that is S. O. White and "my husband's name was H. A. White" and that "he was dead at time this suit was brought before Squire Boring."

It does not appear whether plaintiff by instituting the action against H. A. White intended it to be against the husband who was dead or Mrs. H. A. White, the surviving widow. But as the summons was served on her as Mrs. S. O. White widow of H. A. White, and she appeared to the action in answer to the summons and made no objection, each party thereafter and the justice treating her as the defendant, we must assume that she was the party sued.   She being the party sued, though in a wrong name, she must appear and object in order to get any advantage from that mistake. Parry v. Woodson, 33 Mo. 347.   In that case the party was sued and served with process in a wrong name.   In this case defendant is sued in a wrong name and served with process in her right name. She never objected to this until after judgment in the circuit court.

Defendant seems to concede the foregoing since it will be observed that her point (above set out) does not include such objection but only goes to such defects in the appeal to the circuit court as to deprive (as she contends) that court of jurisdiction.   In entitling the cause in the affidavit for appeal defendant is designated as H. A. White and the appeal bond is payable to the same name.   Yet they were each filed in the cause by the justice and the appeal allowed.   Granting these papers were defective, yet that did not deprive the circuit court of jurisdiction, or render its judgment invalid, defendant not having made any objection thereto.   Welsh v. Railroad, 55 Mo. App. 599; Moulder v. Anderson, 63 Mo. App. 34.

Defendant urges another point in favor of the judgment setting aside plaintiff's judgment and that is that after the case

got into the circuit court plaintiff by leave of court amended the account; or rather, that he amended the name of the defendant by substituting the name S. O. White for that of H. A. White which was used at the institution of the suit before the justice. There was nothing improper in such amendment. This was specially so decided in Parry v. Woodson, *supra*.

The plaintiff's judgment should not have been set aside. The judgment setting it aside will therefore be reversed. *Broaddus, J.*, concurs; *Smith, P. J.*, being a party in interest, not sitting.