**Claude H. HARRIS (Plaintiff) Respondent,**

v.

**Myer LITWACK (Defendant) Appellant.**

**No. 54869.**

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1971.

Dwight Roberts, Kansas City, for respondent, Claude Harris.

A. Warren Francis, Lloyd A. Hamrick, Roger J. Staab, Kansas City, for appellant, Myer Litwack.

HOLMAN, Judge.

Plaintiff instituted this action in an effort to recover damages for personal injuries in the sum of $50,000. The trial resulted in a verdict for the defendant. Thereafter the trial court entered an order sustaining plaintiff's motion for new trial for error in giving Instruction No. 5. Defendant has appealed from the order granting a new trial.

A collision between automobiles driven by plaintiff and defendant occurred in the intersection of 75th Street and Mission Road in Johnson County, Kansas, on May 15, 1966, between 9:30 and 10 o'clock a. m. Mission Road is a north-south street and 75th is an east-west street; both are two-way streets having two or more lanes of traffic in each direction. The intersection in question is controlled by a traffic signal. Mission Road is downhill toward the north and 75th Street is somewhat downgrade both to the east and west of the intersection. The painted line dividing east-west traffic on 75th Street did not continue through the intersection but stopped at the intersection line. The estimates of the width of Mission Road ranged from 40 feet by defendant to 70 or 80 feet by plaintiff. It had rained earlier the morning of the accident and the streets were still wet.

Plaintiff was driving his 1959 Cadillac westbound on 75th Street intending to turn left to go south on Mission Road. The defendant was eastbound on 75th Street at a speed estimated at between 25 to 35 m. p. h. Plaintiff first observed defendant's vehicle when defendant was three car lengths west of the intersection and at that time plaintiff was just entering the intersection.

Plaintiff testified that defendant's vehicle was the only car eastbound in the lane nearest the center line; that there were no cars in the center lane of eastbound traffic; that a car 20 to 30 feet ahead of plaintiff's car turned left to go south on Mission Road and that defendant applied his brakes in order to avoid the left turning car. Plaintiff's testimony indicated that defendant was still on his side of the road when his car started skidding after applying his brakes; that thereafter the defendant slid across the center line of 75th Street due to the contour of the road, striking plaintiff's stopped car at a point near the center of the intersection. Witness Shively described the location of plaintiff's car at the time of impact as being approximately one foot north of the center line of 75th Street. Both plaintiff and witness Shively testified that plaintiff had not commenced his left turn at the time the impact occurred.

Plaintiff offered and the court admitted in evidence an Ordinance of Prairie Village which provided that "no person shall drive a vehicle on a highway at a speed

greater than is reasonable and prudent under the conditions then existing. In any event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

Defendant testified that his car was eastbound in the center lane of three eastbound lanes proceeding at approximately 25 m. p. h.; that there were three or four cars eastbound in the lane to his left which cars were not moving and he presumed the first car was waiting to turn left; that there was a lane to his right which was for right turns only and that lane ended at the intersection. Defendant testified that he first saw plaintiff's car when the nose of plaintiff's car was sticking out beyond the line of cars on his left and at that time he judged plaintiff's car to be nine or ten feet south of the center line of 75th Street; that when he first saw plaintiff's car it was in the intersection, pointed to the southwest, starting to make a left turn and it then stopped; that his car was then about 100 feet from plaintiff's car; that when he first noticed plaintiff's car nosing out into his lane from behind the cars on his left he applied his brakes and skidded straight forward into impact with plaintiff's stopped car. Defendant testified that he applied his brakes as a reaction to the plaintiff's car and not to avoid striking the car that may have turned left ahead of plaintiff.

■ The first point briefed by defendant is that the trial court should not have granted a new trial, in any event, because plaintiff failed to make a submissible case. In determining that question we must view the evidence in the light most favorable to plaintiff.

Plaintiff's case was submitted on defendant's hypothesized negligence in failing to keep a careful lookout or driving at an excessive speed. In considering defendant's contention we have had considerable difficulty in understanding the basis therefor. The argument supporting this point does not discuss in any manner the evidence bearing on the submitted issues of lookout and excessive speed. His entire argument is based on the premise that he was not negligent because he had to apply his brakes and his car skidded into plaintiff's car. He cites cases such as Wray v. King, Mo.App., 385 S.W.2d 831, which hold that proof that an automobile merely skidded into collision with another car does not create an inference of negligence. In that connection we note that most skidding cases deal with a submission of driving on the wrong side of the road which submission is not present in this case.

■ We are unable to see how the fact that defendant's car skidded would, as a matter of law, relieve him of responsibility for negligence in failing to keep a lookout or traveling at an excessive speed. The Kansas law is applicable in this case and defendant has cited the case of DeGraw v. Kansas City and Leavenworth Transp. Co., 170 Kan. 713, 228 P.2d 527, but we do not think it supports his contention. Although we do not think the skidding rule is applicable in this case we perhaps should mention that in the recent case of Friederich v. Chamberlain, Mo.Sup., 458 S.W.2d 360, this court substantially changed that rule. Under Friederich a submissible case will usually be made if it is shown that the skidding car is on the wrong side of the road when the collision occurs. We rule this point against defendant.

■ Instruction No. 5 submitted plaintiff's contributory negligence in that he "failed to keep a careful lookout, or failed to yield the right of way, or drove on the wrong side of the road." The ruling of the trial court indicates that it was of the opinion that the evidence failed to support one or more of the items submitted and hence it concluded that it erred in giving it and accordingly granted a new trial. Defendant here contends that the evidence supported all of the items and hence the court erred in its ruling. It is, of course,

elementary that with a submission of this nature, if the evidence did not support any one of the three items, the court erred in giving it. For that reason we will consider only the evidence relating to the submission that plaintiff "drove on the wrong side of the road" since we have concluded that it was not supported by the evidence and therefore the giving of the instruction was error and the order granting a new trial must accordingly be affirmed.

Plaintiff and Mr. Shively testified that plaintiff's car was north of the center of 75th Street at the time of the collision. The only witness who placed plaintiff's car south of that line was defendant. He first saw the car when its front was nine or ten feet south of the center line, pointed southwest, starting to make a left turn. In determining this question we view the evidence in a light most favorable to defendant. Defendant says that the evidence would support the conclusion that plaintiff traveled 35 or 40 feet after his car crossed the center line but we do not agree. We think a reasonable view of the testimony would indicate that plaintiff's car was near the center of the intersection at the time defendant saw him turning and that it stopped almost immediately thereafter.

■ Any car making a left turn must, of necessity, drive to the left of the center of the highway. But in so doing we do not think the driver is violating any statute or rule relating to driving on the right half of the road. If he were, one could never make a left turn without violating that rule. Since no Kansas statute has been pleaded or cited, and since both parties have cited Missouri cases on this point, we assume that the law of Missouri is the same as that of Kansas and should be applied. We therefore consider the case of Ellison v. Simmons, Mo.Sup., 447 S.W.2d 66, to be decisive. In that case, in a somewhat similar factual situation, this court said: "We fully agree that in the usual left turning situation the statutory admonition to drive 'upon the right half of the roadway' is not applicable. * * * When all

this evidence is considered we think the most it tends to prove is that plaintiff's car may have angled from a point approximately 10 feet east of the driveway to the point of collision near the entrance. We rule that such is not sufficient evidence to support the submission in question." 447 S.W. 2d l.c. 69, 70. It may be that the act of plaintiff in driving his car into a part of defendant's lane of travel and stopping (according to defendant's testimony) was some type of negligence, but any such negligence was not "driving on the wrong side of the road." In Ellison we ruled that the giving of a contributory negligence instruction identical to the one before us was error because there was no substantial evidence to support the submission of driving on the wrong side of the road.

Defendant has cited the case of Moore v. Eden, Mo.Sup., 405 S.W.2d 910, in support of his contention that the submission was proper. We think, however, that Moore is distinguishable upon the facts. There the defendant was intending to turn left into a driveway but the evidence indicated that he drove longitudinally as much as 40 feet on the left half of the road before the collision occurred.

As stated, we rule that the giving of Instruction No. 5 was error and therefore the trial court properly granted a new trial.

Affirmed and remanded.

All concur.