AMAN COLLECTION SERVICE,
INC., Respondent,

v.

Robert V. BURGESS, d/b/a Dako
Products Co., Appellant.

No. WD 31163.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

As Modified On Court's Own
Motion March 2, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 2, 1981.

Application to Transfer Denied
April 6, 1981.

C. John Forge, Jr., Hencke, Forge & Titus, Independence, for appellant.

Joe F. Willerth, Cochran, Kramer, Kapke & Willerth, Independence, for respondent.

Before WASSERSTROM, C. J. Presiding, PRITCHARD, J., and SWOFFORD, Senior Judge.

WASSERSTROM, Chief Judge.

Plaintiff sues under Section 511.760, RSMo 1978 and Rule 74.79 to register in Missouri a South Dakota judgment obtained by its assignor South Dakota Wheat Growers Association ("Wheat Growers"). Each party moved for summary judgment, and the trial court entered judgment for plain-

tiff. Defendant Burgess appeals. We affirm.

In 1977, Wheat Growers entered into negotiations with "Dako Products Company of Independence, Jackson County, Missouri," for Dako to undertake national distribution as Wheat Growers' sales representative of certain products. On October 21, 1977, a proposed agreement between the parties was signed by Burgess in the following manner: "Robert V. Burgess, Dako Products Company, Party of the first part," and Burgess' signature was acknowledged before a Notary Public in Jackson County, Missouri. Paragraph 5 of that document provided that Dako was privileged to assign the agreement "to such business organizations as *he* may form for the purpose of marketing Second parties [sic] product" (emphasis supplied).

On March 6, 1979, Wheat Growers filed suit in a South Dakota circuit court against "Dako Products Company," in which it was alleged that Wheat Growers had delivered merchandise from a subsidiary to defendant on which there remained an unpaid balance of $12,834.02. Summons was issued and forwarded for service to the Circuit Court Administrator in Jackson County, Missouri. An affidavit of service was executed by a Missouri deputy in which he stated that he had executed service "by leaving a true and correct copy at a business office of the within named Corporation Dako Products Co., with Bob Burgess as _____ of the within named corporation, and person in charge of said business office at 10914 E. Linwood, KCMO."

That affidavit of service was forwarded to South Dakota. Based thereon the South Dakota court entered default judgment on April 25, 1979, as follows: "[I]t is hereby adjudged that South Dakota Wheat Growers Association, the Plaintiff, recover of the Defendant, Dako Products Company, the sum of $12,834.02 plus costs of $28.00, for a total of $12,862.02 plus interest."

On June 20, 1979, plaintiff filed the present suit in the Missouri circuit court. The parties in the Missouri action are Aman Collection Service, Inc., plaintiff, vs. Robert

V. Burgess d/b/a Dako Products Company, defendant. The petition stated that defendant Burgess, doing business as Dako Products Company, had failed to pay the South Dakota judgment or any part thereof; that the South Dakota judgment had been assigned by Wheat Growers to plaintiff; and the petition prayed for the registration of the South Dakota judgment as a final personal judgment of the Missouri court. Burgess filed an answer in which he denied that he was at any time a party to or served as a defendant in the South Dakota action. However, he further stated in his answer that he attached thereto and made a part thereof "a Summons which was received at his home in the name of Dako Products Company."

On July 28, 1979, Burgess filed a motion for summary judgment which pointed out that the South Dakota judgment shows that the only defendant in that cause was Dako Products Company and that nowhere in the judgment nor in the body of the complaint filed in the South Dakota court was there any allegation that Robert V. Burgess did business as Dako Products Company. The motion further alleged that therefore the "Request for Registration seeks to extend the judgment in the South Dakota Court against Dako Products Company, in the courts of Missouri against Robert V. Burgess and beyond the scope in Entry of Judgment by the South Dakota Court, an act which is in excess of the jurisdiction of this Court and is beyond the rights of the judgment creditor." That motion was unsupported by any affidavits or documentation other than the records theretofore filed by the plaintiff.

On August 6, 1979, plaintiff filed its motion for summary judgment, and this motion was supported by an affidavit and further documentation. These documents included the assignment of the judgment by Wheat Growers to Aman Collection Service, Inc.; the contract of October 21, 1977; and a certificate from the Missouri Secretary of State stating that there were no records in his office which show that Dako Products Company is or ever had been registered as a foreign or domestic corporation or under the Fictitious Name Act. The affidavit was that of Larry Wheeting, former manager of Wheat Growers Feed and Seed Division. Wheeting in his affidavit stated that Robert V. Burgess "represented to me that he was doing business as Dako Products Company and that he wished merchandise sent to him and his customers in that name, Dako Products Company. He indicated to me he would be responsible for all charges with respect to goods shipped to Dako Products Company." Wheeting further stated that Burgess executed in his presence the agreement dated October 21, 1977.

On August 9, 1979, the trial court entered summary judgment for plaintiff, including findings as follows: "The Court, having reviewed the evidence, hereby finds * * * that Defendant Robert V. Burgess was doing business and is the same as Dako Products Company and is personally indebted to Aman Collection Service, Inc., in the sum of $12,862.02 * * * under the judgment entered April 25, 1979; * * *."

For his points on this appeal, Burgess contends: (1) that the trial court erroneously assumed that the South Dakota court intended its judgment to mean that Robert V. Burgess and Dako Products Co. were one and the same person; and (2) that the court below erred in granting summary judgment because there remained substantial questions of fact and Burgess was denied the right to file counter-affidavits.

## I.

The essence of Burgess' first point is that the South Dakota judgment was solely against Dako and that it did not refer to and could not have any effect upon Burgess himself. He contends that plaintiff improperly seeks to have the Missouri courts look behind and amend the South Dakota judgment. That argument mistakes the result of misnaming a party defendant and the effect of entering a judgment pursuant to such misnomer.

The controlling principle is that a misnomer is not fatal, and the judgment creditor may show who the true defendant

is and may proceed to enforce the judgment against that true defendant.[1] The reasoning behind this principle of law is well stated in the leading case *Parry v. Woodson*, 33 Mo. 347, 348 (1863):

"A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued by the person to whom it is applied. Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fail to appear, or appearing fail to object that he is sued by the wrong name, and judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name. The use of the right name is every way preferable, since without it as a means of identification the evidence of the identity of the person sued may in process of time become lost; and hence the propriety of the amendment in this case; but so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name."

Likewise: *Harper v. Hudgings*, 211 S.W. 63 (Mo.1919); *Blackburn v. Holmes*, 317 S.W.2d 408 (Mo.1958); *Slavens v. William C. Haas Co., Inc.*, 563 S.W.2d 157 (Mo.App. 1978); Freeman, 1 *Law of Judgments* 901, Sec. 414 [5th ed. 1925].

■ If a party defendant is personally served with process, even though in the wrong name, he is obligated to appear and call attention to the defect. If he fails to do so and allows judgment to go against him by default, the misnomer is waived. So in *Ohlmann v. Clarkson Sawmill Co.*, 222 Mo. 62, 120 S.W. 1155 (1909), it was held:

"When summons is actually served on the right individual by the wrong name, the error becomes immaterial because he has notice of the suit, and may appear if he choose and plead a misnomer. But absent actual notice when the law for convenience substitutes a constructive notice, the name of the individual defendant obviously becomes one of the essentials and the very life of the notice."

Similarly: *Orona v. Consolidated Cab Company*, 373 S.W.2d 486, 488 (Mo.App.1963); *Martin v. Signal Dodge, Inc.*, 444 S.W.2d 29 (Mo.App.1969); Freeman, *supra*, Sec. 83.

■ These rules apply even though the proceedings to enforce the judgment occur in a court other than the one of rendition; and this is so also even though proof of the identity of the party defendant requires evidence extrinsic from the record in the original proceeding. Thus, in *Green v. Strother*, 201 Mo.App. 418, 212 S.W. 399 (1919), a default judgment was entered in the circuit court against John Skinner. Thereafter the judgment creditor sought to prove that judgment as a claim in the probate court against the estate of William Floyd Skinner. The proof of the identity of John Skinner and William Floyd Skinner rested on oral evidence produced in the probate proceeding. The court held that the *Parry* rule applied:

"If one served with process in a wrong name desires to take advantage of the situation, he must appear and raise the question in the court where the suit is brought before judgment is rendered against him. Unless he does so, his right to object to his being sued in a wrong name is waived. *Parry v. Woodson, supra; Lafayette Ins. Co. v. French*, 18 How. 404, 59 U.S. 404, 15 L.Ed. 451."

■ Applying the above principles to the facts here, the trial court committed no error in finding that Dako Products Co. was merely a trade name under which Robert V.

---

1. The parties have not cited nor has independent research disclosed any South Dakota law on this subject. In the absence of proof that South Dakota law is different, it will be presumed that South Dakota law is the same as that of Missouri, and Missouri law will be applied. *Harris v. Litwack*, 461 S.W.2d 710 (Mo. 1971), and numerous cases collected in 12 Missouri Digest, *Evidence*, Key No. 80(1).

Burgess operated and that they were one and the same. That conclusion was amply supported by the contract dated October 21, 1977, the Wheeting affidavit, the return of service in the South Dakota suit, and the admission contained in Burgess' answer in the Missouri proceeding.

 No different result is required because the affidavit of service contained the words that service had been made upon Dako Products Co., "the within named corporation." The quoted words were a preprinted part of the form and can be regarded as surplusage. *See, Regent Realty Co. v. Armour Packing Co.*, 112 Mo.App. 271, 86 S.W. 880 (1905). In this connection, it should be noted that the deputy attested to leaving the summons with Bob Burgess and the space for indicating any representative capacity on his party was left blank.

Burgess' first point is disallowed.

## II.

 In support of his second point that he was denied the right to file counter-affidavits, Burgess relies upon the provisions of Rule 74.04(c) which provide upon the filing of a motion for summary judgment, the adverse party shall be entitled to ten days within which to serve opposing affidavits. *See, Pennell v. Polen,* 611 S.W.2d 323 (1980). It is true that plaintiff's motion for summary judgment was filed August 6, 1979, and judgment was entered three days thereafter on August 9, 1979. However, Burgess leaves out of account that he himself had filed a motion for summary judgment on July 28, 1979, more than ten days before the entry of judgment. Rule 74.04(c) specifically provides "Summary judgment, when appropriate, may be rendered against the moving party."

Burgess' argument in this court rests upon the strict record recitals contained in the South Dakota proceedings, and he strenuously resists any deeper inquiry into the underlying facts. That was also his attitude in the trial court, as evidenced by his refraining from filing any affidavit or evidence to support his motion for summary judgment.

A consideration of the whole record satisfies us that the trial court was justified in believing that all material facts had been revealed and that there was no substantial question of fact remaining for further development. Burgess' second point is therefore disallowed.

Affirmed.

All concur.