

# In the
# Missouri Court of Appeals
## Western District

CHARLES "JEFF" CHICK,　　　)
　　　　　　　　　　　　　　)
　　　　Respondent,　　　　　)　　WD86645
　　　　　　　　　　　　　　)　　(Consolidated with WD86736)
　　　　　　　　　　　　　　)
V.　　　　　　　　　　　　　)　　OPINION FILED:
　　　　　　　　　　　　　　)　　AUGUST 6, 2024
MOVING PROZ, LLC.,　　　　)
　　　　　　　　　　　　　　)
　　　　Appellant.　　　　　　)

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable Timothy J. Flook, Judge

Before Division One:　Edward R. Ardini, Jr., Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

Moving Proz, LLC ("Moving Proz") appeals from the trial court's denial of its

motion to set aside a default judgment as void pursuant to Rule 74.06(b)(4).[1]  Moving

Proz asserts that the default judgment was void because the trial court did not have

personal jurisdiction over Moving Proz and because Moving Proz was denied due process

as it did not have notice of the lawsuit.  Finding no error, we affirm.

---

[1]All Rule references are to *Missouri Court Rules, Volume I -- State, 2023*, unless
otherwise noted.

**Factual and Procedural Background**

Charles "Jeff" Chick ("Chick") filed a four-count verified petition ("Petition") against Moving Proz on October 22, 2021, in the Circuit Court of Clay County. The Petition sought relief from Moving Proz related to losses that Chick incurred during a move. The Petition identified "Moving Proz, LLC" as the defendant in both the caption and the body of the Petition, noted that Moving Proz was registered as a limited liability company in Missouri, and noted that Moving Proz could be served via its registered agent at 1028 North Kingshighway Street, Cape Girardeau, Missouri.

The trial court issued a summons on October 28, 2021, for use in serving the Petition. The summons named "Moving *Pros*, LLC" in the field for identification of the defendant. (Emphasis added.) The summons identified the address for service as 1028 North Kingshighway Street, Cape Girardeau, Missouri. The return of service of the summons filed on December 15, 2021, reflected that the summons and Petition were delivered to "United States Corporation Agents" for "Moving Pros, LLC" at "1028 N[orth] Kingshighway, Cape Girardeau" on November 9, 2021.

No responsive pleading was filed. *See* Rule 55.25 (requiring a defendant to file an answer within thirty days of service of the summons and petition). On April 13, 2022, Chick filed a motion for default judgment seeking $61,517 in actual damages, $123,034 in punitive damages, and reasonable attorney's fees totaling $1,500. On May 19, 2022, the trial court conducted a hearing, after which it granted the motion for default judgment, and entered judgment against Moving Proz ("Default Judgment"). The Default

2

Judgment awarded Chick damages in the amount of $184,551, plus attorney's fees of $1,500, and post-judgment interest at the statutory rate.

On May 31, 2023, Chick served post-judgment discovery in aid of execution on the Default Judgment on Moving Proz at three addresses: (1) the registered agent's address at 1028 North Kingshighway Street in Cape Girardeau, Missouri; (2) an address at 13725 Metcalf Avenue, #302 in Overland Park, Kansas; and (3) an address at 165 North Meramec Avenue, #310 in St. Louis, Missouri.

On July 7, 2023, Moving Proz filed a motion to set aside the Default Judgment ("Motion to Set Aside") pursuant to Rule 74.06(b)(4).[2] The Motion to Set Aside asserted that the Default Judgment was void because the trial court did not have personal jurisdiction over Moving Proz as it was never served with the Petition, and because Moving Proz was deprived of due process as it did not have notice of the Petition before the Default Judgment was entered.

The Motion to Set Aside acknowledged that Moving Proz had provided moving services to Chick, and that Moving Proz was properly named as the defendant in the Petition. However, the Motion to Set Aside alleged the Default Judgment was nonetheless void because: (1) Moving Proz is a Kansas limited liability company with a

---

[2]Moving Proz did not file a motion to set aside the Default Judgment pursuant to Rule 74.05(d), which requires a showing of facts constituting a meritorious defense and good cause for failing to plead or otherwise defend the Petition. Rule 74.05(d) requires motions to set aside default judgments to be filed "within a reasonable time not to exceed one year after the entry of the default judgment." Moving Proz also did not seek relief from the Default Judgment pursuant to Rule 74.06(b)(1), (2), or (3), as such motions also must be made "within a reasonable time and . . . not more than one year after the [Default Judgment] was entered."

3

principal place of business located in Olathe, Kansas, and Moving Proz's registered agent in Missouri (where it is registered as a foreign limited liability company) is United States Corporation Agents, Inc., located at 1028 North Kingshighway Street in Cape Girardeau, Missouri; (2) Moving Pros, LLC ("Moving Pros") is a Missouri limited liability company with a principal place of business located in Wickenburg, Arizona, and Moving Pros's registered agent in Missouri is also United States Corporation Agents, Inc., located at 1028 North Kingshighway Street in Cape Girardeau, Missouri; (3) the Petition named Moving Proz as the defendant, but the summons named Moving Pros as the defendant; (4) service of the summons and Petition was made on Moving Pros's registered agent, and not on Moving Proz's registered agent; (5) the registered agent sent the summons and Petition to Moving Pros, not Moving Proz; and (6) Moving Proz did not receive notice of Chicks's lawsuit against it until it received Chicks's post-judgment discovery requests.

The trial court held a hearing on the Motion to Set Aside on September 20, 2023. In a docket entry made the same day, the trial court denied the Motion to Set Aside and ordered Chick to prepare a proposed order for the trial court's consideration. Chick did so, and on September 26, 2023, the trial court entered an order denying the Motion to Set Aside ("Order"). The Order was not denominated as a judgment.

Moving Proz filed a notice of appeal on October 13, 2023. This Court asked for suggestions from the parties regarding the appealability of the Order. Moving Proz's suggestions noted that the trial court entered a judgment and order denying the Motion to Set Aside ("Judgment") on November 1, 2023. This Court then instructed Moving Proz to file the Judgment. Moving Proz filed a separate notice of appeal from the Judgment on

4

November 21, 2023, and also filed a motion to consolidate its two appeals, which we granted on November 27, 2023.

## Standard of Review

Moving Proz filed its Motion to Set Aside pursuant to Rule 74.06(b)(4). Rule 74.06(b)(4) allows the trial court to relieve a party from a final judgment when the judgment is void. We generally review a trial court's ruling on a Rule 74.06(b) motion for abuse of discretion. *Wilson v. Wilson*, 667 S.W.3d 181, 185 (Mo. App. W.D. 2023). However, when the question is whether a default judgment should be vacated because it is void for lack of personal jurisdiction, we review that question of law de novo. *Id.* (citing *Rosemann v. Rosemann*, 349 S.W.3d 468, 471 (Mo. App. E.D. 2011)). Because courts favor finality of judgments, a judgment is void only "if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process." *Treasurer of State v. Van Horn*, 652 S.W.3d 680, 684 (Mo. App. S.D. 2022) (quoting *Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015)). Moving Proz relies on the second and third bases for declaring a judgment to be void.

## Analysis

In two points on appeal, Moving Proz argues, respectively, that the Default Judgment is void pursuant to Rule 74.06(b)(4) because the trial court did not have personal jurisdiction over Moving Proz as it was never served with process, and because Moving Proz was deprived of due process because it did not have notice of Chick's lawsuit before the Default Judgment was entered. We address the points separately.

5

***Point One: The Trial Court Had Personal Jurisdiction over Moving Proz Because Moving Proz Was Served with Process in a Manner Provided by Rule or Statute***

Moving Proz's first point on appeal concerns the trial court's rejection of its argument that the Default Judgment is void because Moving Proz was never served with process.

"[P]ersonal jurisdiction addresses the court's power to require particular persons to respond to legal proceedings that affect their rights." *Everett v. Vance*, 685 S.W.3d 495, 501 (Mo. App. W.D. 2023) (citing *State ex rel. Heartland Title Servs., Inc. v. Harrell*, 500 S.W.3d 239, 241 (Mo. banc 2016)). "Proper service of process is a prerequisite to personal jurisdiction." *Scott by & Through Scott v. Borden*, 648 S.W.3d 68, 73 (Mo. App. W.D. 2022) (quoting *Killingham v. Killingham*, 530 S.W.3d 633, 635 (Mo. App. E.D. 2017)). "Only by service of process authorized by statute or rule . . . can a court obtain jurisdiction to adjudicate the rights of a defendant." *Id.* (quoting *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000)). The issue before us is straightforward-- was Moving Proz served with process in a manner authorized by statute or rule?

Moving Proz is a Kansas limited liability company that, at the time of issuance of the summons, was registered in Missouri as a foreign limited liability company with United States Corporation Agents, Inc. at 1028 North Kingshighway Street in Cape Girardeau, Missouri as its registered agent. Section 347.030.1(2) requires all limited liability companies to "have and continuously maintain . . . [a] registered agent [in Missouri] for service of any process, notice or demand required or permitted by law to be

6

served upon the limited liability company."[3] Rule 54.13(b)(3) provides that personal service on a foreign or domestic corporation, partnership, or other unincorporated association may be made as follows:

> [B]y delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or *to any other agent authorized by appointment or required by law to receive service of process*.

(Emphasis added); *see also* section 347.033.1 ("The registered agent so appointed by a limited liability company shall be an agent of such limited liability company upon whom any process, notice or demand required or permitted by law to be served upon the limited liability company may be served, and which, when so served, shall be lawful personal service on the limited liability company."); section 347.167 ("Service on a foreign limited liability company shall be as provided in section 347.033."). Serving process in the manner prescribed by rule and by statute gives the trial court "jurisdiction to adjudicate [the] rights of a defendant." *Scott by & Through Scott*, 648 S.W.3d at 73 (quoting *Worley*, 19 S.W.3d at 129).

Moving Proz does not dispute that it is properly identified as the defendant in the caption and in the body of the Petition. Moving Proz does not dispute that its duly authorized registered agent was served with the summons and Petition. Moving Proz nonetheless claims that because the summons misidentified the defendant as "Moving Pros," service of the summons and Petition on Moving Proz's registered agent was not

---

[3]All statutory references are to RSMo 2016 as supplemented through October 22, 2021, unless otherwise indicated.

sufficient to constitute service of process in a manner prescribed by rule or by statute. We disagree.

Service of process in a manner authorized by rule or statute is not rendered insufficient for purposes of bestowing personal jurisdiction over a defendant merely because of a technical defect in the defendant's identification in either a petition or a summons. Our Supreme Court addressed the issue of misidentification of a defendant in the caption of a petition in *Parry v. Woodson*, 33 Mo. 347 (1863). The plaintiff filed a petition against "Benjamin H. Woodson" to seek recovery on a delinquent promissory note made by "Branham H. Woodson." *Id.* at 347. Process was personally served on Branham H. Woodson with a summons that identified the defendant as "B.H. Woodson," but no responsive pleading was filed within the time for response. *Id.* After the time for response expired, the plaintiff amended his petition by striking out "Benjamin" and replacing it with "Branham." *Id.* The trial court then entered a default judgment against Branham H. Woodson. *Id.* at 348. Branham H. Woodson filed a motion to set aside the default judgment, arguing the trial court lacked personal jurisdiction over him. *Id.* The motion was denied. *Id.* Our Supreme Court rejected Branham H. Woodson's argument, holding:

> A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued but the person to whom it is applied. Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fail to appear, or appearing fail to object that he is sued by the wrong name, and judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by the right name. . . . [S]o long as the defendant can be identified as the one against whom the judgment was

8

rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name.

*Id.*

*Parry* has been relied on repeatedly by Missouri courts to find that personal jurisdiction existed over a defendant to support the entry of a judgment despite misidentification of the defendant in either the summons or petition. *See, e.g.*, *Aman Collection Serv., Inc. v. Burgess*, 612 S.W.2d 405, 408-09 (Mo. App. W.D. 1981) (concluding that a foreign default judgment that was entered against Dako Products Company was valid against Burgess, the individual who was doing business as Dako Products Company and who received service of the South Dakota suit at Dako Products Company's place of business, because the summons was actually served on the right individual by the wrong name); *Green v. Strother*, 212 S.W. 399, 400-01 (Mo. App. 1919) (concluding that the probate court did not err in classifying a default judgment entered against "John Skinner" as having been entered against the estate of "William Floyd Skinner" because there was evidence presented that "John Skinner" and "William Floyd Skinner" were the same person"); *Evans-Smith Drug Co. v. White*, 86 Mo. App. 540, 545 (1901) (applying *Parry* to hold that when a "defendant is sued in a wrong name and served with process in her right name" but the defendant participated in the litigation without objection, the judgment is not rendered invalid).

More recently, our Supreme Court has reinforced that misidentification of a defendant in either a petition or a summons will not defeat personal jurisdiction so long as the summons and petition are served on the right person, or on the person's legal

9

representative. In *Watson v. Watson*, 562 S.W.2d 329 (Mo. banc 1978), our Supreme Court examined the trial court's jurisdiction over a defendant when a summons named the defendant in his capacity as the executor and not in his individual capacity as a beneficiary of the will, consistent with the caption of the petition. *Id.* at 330. The Court held that this error was a mere "technical defect" that did not deprive the trial court of personal jurisdiction over the defendant in his individual capacity. *Id.* at 332. The Court explained:

> It is clear appellants intended to and did sue [the defendant] as an individual. The fact that respondent's designation in the summons was incorrect (a mistake understandably repeated by the sheriff in his return) does not defeat the action because the petition accompanying and served with the summons explained and clarified the writ. ***Those instruments when read together gave notice to the person receiving them that he as an individual was the intended defendant and the improper designation or reference to his representative capacity did not deprive the court of jurisdiction as to defendant . . . individually.***

*Id.* (emphasis added). "By construing the petition in connection with and as explanatory of the summons, it may be said we give effect to a clearly defined intent which in no way has misled this defendant and by so doing we prevent the defeat of justice through a mere mistake." *Id.* at 333.

There is no logical or reasoned basis to differentiate between the factual circumstances involved in the aforesaid authorities and the circumstances in this case, where Moving Proz was properly named as the defendant in the Petition and received service in an authorized manner on its registered agent, albeit with a summons that misspelled Moving Proz as "Moving Pros." "It has long been the rule in Missouri that a summons personally served upon the right party by the wrong name is good service."

10

*Moon v. Tower Grove Bank & Tr. Co.*, 658 S.W.2d 57, 59 (Mo. App. E.D. 1983). The summons's misidentification of the defendant as Moving Pros is a mere technical error. When the summons and Petition are read together, they plainly give notice that Moving Proz was the intended defendant such that the improper spelling of Moving Proz on the summons did not deprive the trial court of personal jurisdiction. *See Watson*, 562 S.W.2d at 332-33.

Moving Proz emphasizes that the misspelling of its name on the summons fortuitously aligned with the name of a separate entity authorized to do business in Missouri, who happened to be using the same registered agent. These "facts," even accepted as true, do not alter that service of process of the summons and Petition were had on Moving Proz's duly authorized registered agent in a manner expressly permitted by statute or rule, under circumstances where the Petition plainly identified Moving Proz as the intended defendant. Service of process was thus proper and effective at the moment it occurred to bestow personal jurisdiction over Moving Proz. *See Scott by & Through Scott*, 648 S.W.3d at 73. To conclude otherwise would be to allow "the defeat of justice through a mere mistake." *Watson*, 562 S.W.2d at 333.

Moving Proz effectively disregards the aforesaid precedent and relies on *Lawrence-Leiter & Co. v. Patel*, 802 S.W.2d 549 (Mo. App. S.D. 1991), to argue that service of process was not proper, despite service of the summons and Petition on Moving Proz's duly authorized registered agent. *Lawrence-Leiter* is readily distinguishable. In that case, the petition named "Vasant B. Patel & Rina Patel d/b/a Town House Motel" as the defendants, the summons identified "Vasant B. and Rina

11

Patel" as the defendants, and the return of service provided that service was had on "Rina Patel" by leaving a copy of the summons and petition at Rina Patel's "dwelling . . . or usual place of abode" with "Kanchan Patel." *Id.* at 551. A jury entered a verdict against Vasant Patel and Rina Patel, who appeared and were defended by the same attorney. *Id.* at 552. After the verdict, but before a judgment was entered, the plaintiff filed a motion to amend the pleadings to substitute "Kanchan Patel," (Vasant's wife), for "Rina Patel." *Id.* at 552-53. The trial court granted the motion and entered a judgment against "Vasant B. Patel and Kanchan Patel, d/b/a Town House Motel." *Id.* at 553.

Kanchan Patel filed a motion to set aside the judgment that argued the judgment was void for want of personal jurisdiction. *Id.* Kanchan Patel testified that "Rina Patel" is her eight-year-old daughter. *Id.* at 554. The trial court denied Kanchan Patel's motion. *Id.* at 555.

Our Southern District reversed the judgment against Kanchan Patel, finding it to be void for want of personal jurisdiction. *Id.* at 558-59. The Southern District noted that, unlike the circumstances of *Aman Collection Service* and *Parry*, the petition included no allegations suggesting an intent to sue Vasant and his wife, and thus no allegations that would have put Kanchan Patel on notice that she was the intended defendant in the lawsuit notwithstanding the mistaken reference to "Rina Patel," the correct name of a living person. *Id.* at 556-58.

Here, in stark contrast, Moving Proz was the properly named defendant in the Petition, and the Petition plainly put Moving Proz on notice that it was the intended defendant. Even though the summons misidentified Moving Proz as "Moving Pros," for

12

the reasons explained, service of process on Moving Proz's registered agent was proper and effective. The Default Judgment is not void for lack of personal jurisdiction.

Point One is denied.

### *Point Two: Valid Service of Process on Moving Proz's Duly Authorized Registered Agent Satisfies the Due Process Right to Notice*

Moving Proz's second point on appeal concerns the trial court's rejection of its argument that the Default Judgment is void because it was deprived of due process. Moving Proz argues that it was deprived of due process because it did not actually receive notice of the Petition until more than a year after the Default Judgment.

Due process concerns a party's constitutional rights to notice and an opportunity to be heard. *S.L.C. v. M.M.*, 641 S.W.3d 406, 409 (Mo. App. W.D. 2022).

> [T]o satisfy due process requirements, "a party must be informed of any proceeding which is to be accorded finality either by the actual notice or by some *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections."

*Id.* (quoting *Am. Econ. Ins. Co. v. Powell*, 134 S.W.3d 743, 746 (Mo. App. S.D. 2004)). Moving Proz is correct that a limited liability company has a due process right to notice of a civil lawsuit brought against it. *See St. Clair v. Cox*, 106 U.S. 350, 356 (1882) (recognizing that, before a corporation can be bound by a judgment, it must have notice of the suit). A judgment entered after a court "acted in a manner inconsistent with due process of law" is void. *In Interest of M.M.B. v. S.D.B.*, 676 S.W.3d 504, 507 (Mo. App. S.D. 2023).

13

Moving Proz's argument on appeal suggests that it was required to receive "actual notice" of the Petition as a condition of receiving due process. It cites no authority for this proposition, and in fact, settled authority holds to the contrary. "Due process does not require actual notice in every case; however, notice must be reasonably calculated, under the circumstances, to notify the defendant of the lawsuit and to afford the defendant an opportunity to defend against it." *Sieg v. Int'l Env't Mgmt., Inc.*, 375 S.W.3d 145, 155 (Mo. App. W.D. 2012) (citing *Jones v. Flowers*, 547 U.S. 220, 226 (2006)). This standard is satisfied with proper service of process, as "[s]ervice of process is the fulfillment of the due process requirement of notice." *Christianson v. Goucher*, 414 S.W.3d 584, 588 (Mo. App. W.D. 2013). Stated another way, proper service of process on a duly authorized agent of a named defendant is reasonably calculated to notify the defendant of the lawsuit, and is sufficient to afford due process. *St. Clair*, 106 U.S. at 356 (holding that notice of a suit "must be reasonable; and the service provided for should be only upon such agents as may be properly deemed representatives").

Here, Moving Proz argues that even though the Petition named it as the defendant, and even though service was had on Moving Proz's duly authorized registered agent, Moving Proz was nonetheless deprived of due process because it never received actual notice of the suit. This argument ignores the long-settled principle of law that "notice to [an] agent is notice to the principal, [and] in fact there is no way to notify a corporation than to notify an agent." *Hayward v. Nat'l Ins. Co.*, 52 Mo. 181, 191 (1873). It is thus

14

irrelevant to the due process inquiry that Moving Proz never received the summons and Petition from its registered agent.

We reached that very conclusion in *Sieg*. There, a plaintiff sued an administratively dissolved foreign corporation. 375 S.W.3d at 148-49. The foreign corporation's registered agent was served with the summons and petition, but the registered agent did not have an updated address to properly forward the documents to the foreign corporation. *Id.* at 149. The foreign corporation never responded to the suit, and the trial court entered a default judgment against it. *Id.* The foreign corporation argued that the default judgment was void because its due process right to notice had been violated. *Id.* The trial court denied the motion. *Id.*

On appeal, we addressed whether service of process on the foreign corporation's registered agent complied with the notice requirement set forth in the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id.* at 154. We concluded that it did. We noted that the United States Supreme Court held in *Washington ex rel. Bond v. Superior Ct.*, 289 U.S. 361, 364-65 (1933), that a "State-chosen means of service" does not violate due process unless that means is "arbitrary or unreasonable." *Sieg*, 375 S.W.3d at 155. We then held:

> Here, it is neither arbitrary nor unreasonable for Missouri to allow service upon a foreign corporation's registered agent after the corporation has been administratively dissolved. . . . It is not unreasonable for Missouri to give its residents a mechanism by which they can serve, in this state, a foreign corporation formerly authorized to do business here; nor is it unreasonable for Missouri to provide that service can be had upon the corporation's designated agent for service, even when the foreign corporation has withdrawn from the state.

15

*Id.*

The same rationale applies here. It is uncontested that Moving Proz's registered agent received service of process. As we have explained in our discussion of Point One, service of process on Moving Proz's registered agent was valid service, notwithstanding the technical mistake in the summons. Moving Proz does not argue that authorizing it to be served with process by service on a registered agent is arbitrary or unreasonable. As such, proper service of process on Moving Proz's duly authorized agent was reasonably calculated to notify Moving Proz of the lawsuit and was sufficient to afford due process.[4] *Christianson*, 414 S.W.3d at 588. Due process notice requirements were satisfied at the moment valid service was had. The subsequent failure of Moving Proz's registered agent to forward the summons and Petition to Moving Proz does not negate that fact.

Point Two is denied.

## Conclusion

The Judgment is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[4]The argued explanation for Moving Proz's failure to respond to the Petition, which pointed to the technical error in the summons, the fortuity that the misspelled name of the defendant in the summons happened to be an actual corporation using the same registered agent, and the contention that the registered agent sent the summons and Petition to Moving Pros in Arizona, and not to Moving Proz, may well have sufficed as a showing of good cause for purposes of a Rule 74.05(d) motion to set aside a default judgment. But, the establishment of good cause for purposes of a Rule 74.05(d) motion is an altogether different standard than that required to demonstrate a deprivation of due process sufficient to declare a judgment void.