ALICE SALM, Plaintiff, *v.* STROHEIM & ROMANN, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, January 5, 1933.

*Milton Annis*, for the plaintiff.

*Wanderman & Richfield*, for the defendant.

WHALEN, J. The plaintiff, Alice Salm, recovered a judgment against one Ben Solon in the Municipal Court of the City of New York, Borough of Manhattan, Eighth District, for $1,050.29 on February 23, 1932. On February 24, 1932, a transcript of said judgment was duly filed and docketed in the office of the clerk of the county of New York; and on March 7, 1932, an execution upon said judgment against the property of said Ben Solon was duly issued out of the Supreme Court, New York county, to the sheriff of New York county. On March 10, 1932, the sheriff returned said execution wholly unsatisfied. Thereafter, on March 23, 1932, an order was made by a justice of the Supreme Court, New York county, directing that an execution against the wages,

earnings and salary of said judgment debtor Ben Solon be issued to the sheriff of New York county, directed to the defendant, Stroheim & Romann, Inc., the employer of said defendant and judgment debtor; on March 25, 1932, a garnishee execution pursuant to said order was duly issued to the sheriff of New York county, and on March 29, 1932, the sheriff duly presented said execution to the defendant. The defendant employer has refused to pay any money under said execution to the plaintiff, and the plaintiff now sues, pursuant to subdivision 3 of section 684 of the Civil Practice Act. These facts were conceded by defendant at the trial.

The defense set up by the defendant is that a prior garnishee execution was filed with the defendant on another judgment, previously recovered by the defendant itself, Stroheim & Romann, Inc., against its employee Ben Solon, the same judgment debtor. The proof shows that on January 2, 1932, a confession of judgment in writing, signed and verified on December 28, 1931, by said Ben Solon, in favor of Stroheim & Romann, Inc., was filed in this court consenting to judgment in the sum of $530.07. No form of judgment was filed in the clerk's office by Stroheim & Romann, Inc., on this confession of judgment. An execution against the property of the defendant was issued on the same day, January 2, 1932, to a marshal of the city of New York, and was returned unsatisfied on January 4, 1932, and filed in this court on January 5, 1932. Thereafter, on January 5, 1932, an order was signed by one of the justices of this court, directing that an execution issue against the wages, earnings and salary of the said judgment debtor; but this garnishee order was not filed with the clerk of the Fifth District, Municipal Court, where it was signed, until April 7, 1932.

The plaintiff argues that this order, directing the issuance of a garnishee execution, although dated January 5, 1932, not having been filed in court until April 7, 1932, cannot take precedence over the garnishee execution duly filed with the defendant by Alice Salm on March 29, 1932. The defendant claims that the order directing the issuance of the garnishee execution against the wages, earnings and salary of Ben Solon in favor of itself takes precedence over the other garnishee execution, because it was signed first and it is immaterial when it was filed in court.

Several similar controversies have come before me, and there seems to be some confusion about the practice in regard to filing of court orders directing the issuance of a garnishee execution against the wages, earnings and salary of judgment debtors. No direct authority on the question has been submitted to me, nor have I been able to find any. I find that it is the practice in a great many instances for the attorney who gets such an order

signed to take the original order and deliver it to a marshal, without filing it in court at all.

A careful reading of the provisions of section 684 of the Civil Practice Act would seem to show that this practice is irregular. The provisions of that section, so far as material, read as follows (italics mine): " * * * the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor, and upon satisfactory proof of such facts by affidavits or otherwise the court, if a court not of record, a judge or a justice thereof, *must issue*, or if a court of record, a judge or justice, *must grant an order* directing that an execution issue against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such *execution* by the officer to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing or may thereafter become due and owing to the judgment debtor, said *execution* shall become a lien and a continuing levy upon the wages, * * * and where more than one execution has been issued or shall be issued, pursuant to the provisions of this section against the same judgment debtor, they shall be satisfied in the order of priority in which such *executions* are presented to the person or persons from whom such wages, debts, earnings, salary income from trust funds or profits are due and owing."

The statute now provides that the execution may be issued and " subscribed by either the clerk of the court or the district in which the judgment was rendered, or the attorney for the judgment creditor." (Mun. Ct. Code, § 135.)

As I read this section, the requirement is that if the execution is to be issued out of a court not of record, then a judge or a justice of such a court must issue the execution himself, but if the court is a court of record, then a judge or justice from that court " must grant an order directing that an execution issue." This court is now a court of record, and under the provisions of this statute, it is necessary for a Municipal Court justice to sign an order directing the issuance of an execution. Such an order must be filed in the office of the clerk of the court before a garnishee execution can properly be issued. According to the testimony offered by defendant, the defendant Stroheim & Romann, Inc., never issued any garnishee execution at all in this matter, but simply took the original order, delivered it to the marshal, and it is claimed that the marshal delivered it to the defendant, who is the plaintiff in that action. It will be observed that the statute contains no requirement whatsoever for the delivery of the order itself to the employer.

There is absolutely no evidence to show that any *execution* was served pursuant to the order of January 5, 1932. The statute requires that an *execution* shall be delivered to the employer and that *executions* shall be satisfied in the order of their priority.

In the action of Salm v. Stroheim & Romann, Inc., I find copies of two papers, the originals of which are filed in the office of the clerk of the county of New York. The first is an order directing the issuance of an execution against the wages of the judgment debtor, dated March 23, 1932; the second is an execution pursuant to said order, directed to the sheriff of New York county, dated March 25, 1932. This is the proper practice and in strict conformity with the language of section 684 of the Civil Practice Act.

In the case of Stroheim & Romann, Inc., v. Solon, therefore, I hold that no valid garnishee execution was ever perfected and that the garnishee execution issued on behalf of Alice Salm against the wages of Ben Solon takes precedence and priority over the attempted garnishee execution on behalf of Stroheim & Romann, Inc., v. Solon.

It follows that the plaintiff, Alice Salm, is entitled to recover judgment against this defendant, Stroheim & Romann, Inc., for the sum of fifty-two dollars and eighty cents, representing ten per cent of the defendant's salary, wrongfully withheld by this defendant up until the commencement of this action.