SAMUEL FRIEDENBERG, Appellant, *v.* BERNARD S. HOLLANDER, Doing Business as BERNARD S. HOLLANDER COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December 13, 1935.

*Moses Kaplan,* for the appellant.

*Lipton & Lipton [Irving Kwitter* of counsel], for the respondent.

PER CURIAM. A garnishee order must be filed in the office of the clerk of the Municipal Court before a garnishee execution properly can be issued. If no motion is made to vacate the order or an execution irregularly issued by reason of failure to file the order, such failure is not jurisdictional and does not of itself affect the validity of the execution. Where more than one execution is outstanding they are to be satisfied in the order of priority. Under the execution the garnishee is required to retain and pay over to the officer presenting same such amount of the indebtedness as the execution shall prescribe until the execution is wholly paid. For a violation the judgment creditor is given an action against the garnishee for failure to comply with the mandate. (Civ. Prac. Act, § 684.) The garnishee is the custodian of the funds in his hands attached for the benefit of the judgment creditor. Since the garnishee-defendant here, if he had complied with the mandate of the executions of the plaintiff judgment creditor and of the prior judgment creditor from the date of either, would have in his custody sufficient to wholly pay plaintiff in addition to the amount due on the prior execution, plaintiff is entitled to recover the amount of his execution, with interest, costs of the garnishee execution and costs of the action. The defense of prior execution outstanding under the facts shown raises no issue.

The order should be reversed, with ten dollars costs, and motion for summary judgment granted.

All concur. Present — LYDON, HAMMER and SHIENTAG, JJ.

Order reversed, with ten dollars costs, and motion for summary judgment granted.