F. B. MATTHEWS & Co., INC., Plaintiff, *v.* LOUIS MASKIN, Defendant.

County Court, Special Term, Columbia County, July 7, 1941.

*Albert A. Rapport,* for the plaintiff.

*Kennedy & Kennedy,* for the Rath Packing Company and Austin Nichols & Co., Inc., judgment creditors.

INMAN, J. The plaintiff has issued garnishee execution pursuant to order granted and filed and has moved for an order declaring that such execution has priority over two executions issued earlier, upon the ground that the orders for the earlier executions had not been filed.

Three reported cases are found which discuss the effect of failure to file an order for garnishee execution.

In *Salm* v. *Stroheim & Romann, Inc.* (146 Misc. 173 [Municipal Court of New York, 1933]), the employer was sued for failure to pay upon a garnishee execution. The employer set up a defense founded on a judgment recovered by the employer against the employee on confession on which garnishee order had been made but not filed and pursuant to which no garnishee execution had ever been issued. It was held that, no execution having been issued upon the first order, the execution served pursuant to the later order was effective and the employer was required to pay the same. It was said that the garnishee order must be filed before execution properly can be issued but the case was not decided on that point.

In *Friedenberg* v. *Hollander* (157 Misc. 663 [Appellate Term, First Dept., 1935]) it was said that a garnishee order must be filed before an execution thereon properly can be issued, but that, if no motion is made to vacate the order or an execution irregularly issued by reason of failure to file the order, such failure is not jurisdictional and does not of itself affect the validity of the execution. Judgment was directed against the employer in spite of the failure to file the order.

In *Guaranteed Title & Mortgage Co.* v. *Calleran* (16 N. Y. Supp. [2d] 413 [Supreme Court, Kings County, 1939]) a motion by the judgment debtor to vacate an order directing the issuance of garnishee execution was denied. One of the grounds of the motion was the failure to file the order prior to the issuance of the execution. It was said that there is no statutory requirement relative to the prior filing of an order, that it would appear to be sounder practice to file the order prior to the issuance of the execution, that the defect is not jurisdictional and is not a bar to the exercise of the

court's discretion and that failure to file might affect the validity of such an execution in a case where the rights of third parties or other judgment debtors are involved. The case of *Bank of Genesee* v. *Spencer* (18 N. Y. 150) was cited, it being held there that an application to vacate an execution issued without leave of the court more than five years after the entry of the judgment was addressed to the discretion of the court, that failure to procure such leave rendered the execution voidable but not void and related to the form and order of proceedings, and that a denial of the application was the exercise of the jurisdiction of the court to control and regulate its process.

An order for garnishee execution is an *ex parte* court order and not a judge's order. Certain orders, such as one to enlarge time to answer, need not be entered. (*Savage* v. *Relyea*, 3 How. Pr. 276.) Good practice requires that all orders be filed, albeit the requirement is honored more often by breach than observance in the cases of garnishee orders and orders in proceedings supplementary to judgment.

It does not appear that the plaintiff has suffered any detriment by the failure to file the prior orders. Such filing will always be required on the motion of any interested party or person, but it is thought that a judgment creditor should not be penalized for failure to file in the absence of a showing that the moving party has suffered damage thereby.

Motion denied, without costs.