SPATZ FURNITURE CORP., Plaintiff, *v.* LEE LETTER SERVICE, INC., Defendant.

Civil Court of the City of New York, New York County, Trial Term, New York County, December 28, 1966.

*Max Glassman* for plaintiff. *Schoengold & Sporn* (*Samuel P. Sporn* of counsel), for defendant.

PATRICK J. PICARIELLO, J. Special proceeding instituted by plaintiff (judgment creditor) under CPLR 5231 to recover the sum of $530.51 predicated upon defendant's (judgment debtor's corporate employer's) failure to honor an income execution.

Defendant's answer consists of a general denial and includes a counterclaim for $500 "because of abusive (sic) process engaged herewith by the plaintiff".

After trial and upon the evidence, the court finds the following **facts:**

A judgment for $491.15 was obtained by the plaintiff against the judgment debtor on April 8, 1964. On April 11, 1964, a copy of the subject income execution was served on the judgment debtor (CPLR 5231, subd. [a]). More than 20 days thereafter and on May 4, 1964, a copy of the subject income execution was served on the corporate defendant (CPLR 5231, subd. [d]) which, at that time, was judgment debtor's employer. This service was improperly made (CPLR art. 3).

At the time of said service the defendant was deducting $4 per week under an unsatisfied income execution issued on behalf of a prior judgment creditor, an amount less than 10% of the judgment debtor's gross weekly earnings. This sum of $4 was arrived at by agreement between the defendant and the marshal to whom said deductions were being forwarded. The unpaid balance on this prior income execution at the time of the service of the subject income execution, as aforesaid, was $125.02.

Defendant continued to make the $4 deduction until the prior income execution was fully satisfied (Aug. 25, 1965). On September 15, 1965 the defendant mailed a check for $4 to the Marshal in the instant proceeding, as payment on account of the subject income execution. On or about December 1, 1965 and December 8, 1965 two payments, each in the sum of $4, were received by the Marshal on account of the subject execution. These two payments were made by defendant's check, made payable to the judgment debtor and indorsed by him to the Marshal. Upon failure of the defendant to continue making payments, the instant proceeding was initiated. The court finds that the judgment debtor's gross earnings from May 6, 1964 to the time he severed his employment relationship with the defendant in June, 1966, were approximately $7,012.21. In

arriving at this finding, the court has considered only gross weekly earnings of $30 or more.

By order of this court dated October 7, 1966, the plaintiff was given leave to amend its complaint so as to demand recovery in the sum of $530.51, which represents the judgment of $491.15 recovered against the judgment debtor (the amount reflected in the income execution) plus costs and disbursements and including Marshal's fee of $33.36.

There is no doubt but that, had the defendant begun to deduct 10% from the judgment debtor's weekly salary at the time it was served with the subject income execution on May 4, 1964 (albeit such service was found to have been defective) in compliance with the mandate of the prior income execution and, after the same had been fully satisfied, had it continued to make the same deduction on the subject income execution, an amount sufficient to satisfy the latter would have been realized by the time the judgment debtor had severed his employment with the defendant.

The defendant resists plaintiff's complaint on the grounds that (1) the court never had jurisdiction of the corporate defendant in this proceeding because of the defective and void service of the income execution; (2) defendant did not intend to cure or waive the defective service by making the $4 payment to the Marshal in the instant proceeding on September 15, 1965; (3) the income execution which ultimately came into possession of corporate defendant's president did not cure or waive the defective service; (4) the propriety of the service of the income execution may be challenged at any stage in this proceeding; (5) plaintiff is estopped from claiming more than 10% of the judgment debtor's gross earnings from September 15, 1965 to the termination date of his employment (said earnings having been stipulated to have been $2,314.47 for that period); (6) an agreement by the Marshal in the instant proceeding that not more than $4 should be deducted from the judgment debtor's gross weekly wage in order to satisfy the prior income execution and consequent estoppel of plaintiff to claim that " it was wrong for the defendant not to have deducted 10% of judgment debtor's gross weekly wage from May 4, 1964 to September 15, 1965 "; and (7) the acceptance of the three $4 checks (*supra*) without objection precludes the plaintiff from recovering the sum sought herein.

A consideration of defendant's points (1), (2), (3) and (4) follows:

The failure of the plaintiff properly to serve the defendant with the subject income execution constituted new matter that tended to defeat plaintiff's claim, as the same was reflected in its

complaint, and should have been set forth in defendant's answer. The defective service constituted a fact which was collateral to the facts upon which plaintiff's claim was predicated. The nature of this defense is such that it cannot be raised by a mere general denial since the effect of not pleading the same would be to take the plaintiff by surprise. CPLR 3018 (subd. [b]) makes mandatory the pleading of any matter that "would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading". Having thus failed to plead this defense affirmatively, the defendant is deemed to have waived it. Moreover, the defendant, by its conduct subsequent to the defective service of the income execution, is estopped from raising the issue. Defendant's president, in an examination before trial, admitted that the subject income execution ultimately came into his possession directly after the defective service. It also made a payment of $4 on the subject income execution to the Marshal on September 1, 1965 (more than 15 months after the defective service, as aforesaid, and two weeks after the prior income execution had been fully satisfied); and, finally, by acknowledging the receipt of the subject income execution in a reply to an inquiry addressed to it by the Marshal dated June 26, 1964 anent the then present status of the subject income execution whereon appears defendant's legend, "still has not completed paying garnishee before yours".

Defendant further contends that it had not intended to waive the aforesaid defective service. The court does not concern itself with defendant's alleged intention, but rather with the result of the prejudice resulting to the plaintiff by defendant's failure to plead the defense and by its conduct, which lulled the plaintiff into believing that its income execution would be honored. Clearly, and in this court's opinion, defendant is precluded from raising the issue of defective service of the income execution at this late date. The case cited by the defendant (*Clark* v. *Fifty Seventh Madison Corp.,* 13 A D 2d 693) in support of its contention (lack of jurisdiction because of defective service of process on the corporate defendant) is easily distinguishable. The court there held that process which was defectively served on a corporate defendant could not give the court jurisdiction over the corporate defendant even though said process ultimately and admittedly came into the possession of one of the corporate defendant's officers. So that, in the cited case the method of service of process upon which the court was to exercise jurisdiction over the corporate defendant was put in issue. There is no such issue in this case. The court does have jurisdiction since

no issue has been raised with respect to the service of process on the defendant by virtue of which the court acquired jurisdiction.

In considering defendant's points (5), (6) and (7), the court concludes as follows:

The only precedent found on the subject is the case of *Freidenberg* v. *Hollander* (157 Misc. 663). The court there held that a judgment creditor is entitled to recover the amount of his garnishee (summary judgment) where, if the guarnishee defendant had complied with the mandate of execution of plaintiff and of prior judgment creditors he would have in his custody sufficient to wholly pay plaintiff and prior judgment creditors.

Defendant claims that by reason of the agreement it had with the prior judgment creditor to deduct a sum of money less than 10% of judgment debtor's gross weekly earnings, to which arrangement plaintiff had acquiesced, the latter cannot now come into court and claim that the prior income execution should have been honored to its fullest extent until finally wholly satisfied. In the first place, the court on the record finds no such acquiescence. Being alien to the prior proceeding until service of the subject income execution was made on the defendant, the plaintiff had absolutely no knowledge and no interest in the aforesaid arrangement between the defendant and the prior judgment creditor.

However, at the moment the subject income execution was served on the defendant, the latter, in continuing to comply with the said arrangement with the prior judgment creditor, did so at its own peril. Plaintiff immediately became a party interested in the deductions to be made as reflected in its income execution. Of course, no deductions on the subject income execution could be made on the judgment debtor's gross earnings until the prior income execution had been fully satisfied. It appears to the court that the defendant thus became obligated to make a full 10% deduction on the prior income executions so as not to prejudice this plaintiff's rights.

CPLR 5231 (subd. g) provides that " At any time, the judgment creditor or the judgment debtor may move, upon such notice as the court may direct, for an order modifying an income execution ".

The language of this section fails to take into account the possibility that a defendant employer and a plaintiff-judgment-creditor may enter into an agreement to modify the terms of an income execution as was done in this case by the defendant and the prior judgment creditor.

Although CPLR 5231 was intended to replace the so-called " garnishee execution " procedure of former section 684 of the

Civil Practice Act and was designed to remedy any deficiencies and/or inconveniences occasioned under the replaced statute, it must be recognized that the statute cannot successfully stereotype the law so as to make it, at one stroke, available for all possible combinations of circumstances. The court has the right to "interpret the law" so as to give effect to changes in the general condition of things. Specific facts in individual cases can and do produce gaps in every legislative provision. Situations are bound to occur which the Legislature never contemplated when enacting the statute. Then the incompleteness of the statute calls for judicial law-making, what is customarily designated as judicial interpretation.

So that it appears to the court that the permissive language of CPLR 5231 (subd. g) aforesaid does not foreclose or prohibit the making of an agreement between an employer and a judgment creditor providing for a modification of the terms of an income execution, as was entered into in this case between the defendant and the prior judgment creditor.

An order might thus have been made by the court even though there are limitations on the court's power in the exercise of its discretion in determining a judgment debtor's reasonable requirements (if that had been the basis for the aforesaid agreement). It appears that an application to the court, upon proper notice to the plaintiff herein, for an order permitting the continued deduction of an amount less than 10% to satisfy the prior income execution would have insulated the defendant against the obligation imposed upon it by the service of the subject income execution. The court finds that acceptance of the three payments of $4 each by the Marshal did not constitute a waiver of plaintiff's right to demand and expect the defendant to make the appropriate weekly deduction of 10% in accordance with the mandate of the subject income execution.

So that under the circumstances, since the judgment debtor's earnings from May 6, 1964 (the first payroll date immediately following the service of the subject income execution on the defendant) to June, 1966 (the date when the judgment debtor severed his employment with the defendant) totaled the sum of $7,012.21, a 10% deduction on that amount would have been more than sufficient to have enabled defendant to satisfy both the prior and the subject income executions.

Let judgment be entered in favor of the plaintiff and against the defendant for $518.51 with appropriate interest and costs. Counterclaim is dismissed on the merits.