Louis Grossman, J.
The issue before the court is the validity of an income execution served by certified mail, return receipt requested. The parties have stipulated as to the facts and accordingly, there is no dispute as to the fact pattern.
In determining petitioner’s motion for judgment pursuant to CPLR 5231 (subd. [a]), this court, in its decision of February 27, 1970, at Special Term, Part I, Judge Harry W. Davis presiding, provided for a hearing on whether the respondent was ever served with a copy of the income execution and for final disposition of the motion. The court holds that the meaning of the decision referred to requires not only a consideration of the actual and physical service of the income execution, but that the court must also consider the relevant facts, which, in a proper case, could have a bearing on the validity of an income *197 execution. In other words, the court must decide whether the income execution became a lawful mandate as a result of the service thereof or, if service was defective, whether the status of a lawful mandate was achieved as a result of subsequent and other facts.
Notwithstanding respondent’s original protestation that it was not served at all, it is now clear and agreed to by the stipulation that the income execution was served on the respondent on March 24,1969 by certified mail, return receipt requested, and that the same was received by a secretary employed by the respondent corporation. The court finds that the service by certified mail was not in and of itself sufficient in that same did not conform to the requirements of the statute. CPLR 5231 provides for such service to be made in the same manner as a summons. Accordingly, the execution should be served personally, in the same manner as a summons, pursuant to the statutory requirements therefor. If the service herein was being contested within a reasonable time after the receipt of the execution and without other factors being present, the court would have no alternative but to find for the respondent.
Though the income execution was served during March of 1969, the instant proceeding was not instituted until the latter part of November, 1969. The court notes that during the 20-week period from the time of the service of the execution and until August 8,1969, the date of dismissal of the employee, payments in the total sum of $60 were made to the petitioner. It is further stipulated that counsel for the petitioner had oral conversations with representatives of the respondent and that oral and written demands for payment under the execution were made.
Petitioner also claims that respondent’s failing to plead any affirmative defense based on any claim of insufficient service was a waiver of such defense.
The defective service constituted a fact which was collateral to the facts upon which petitioner’s claim herein was predicated. The nature of this defense is such that it cannot be raised by a mere general denial, since the effect of not pleading the same would be to take the petitioner by surprise. CPLR 3018 (subd. [b]) makes mandatory the pleading of any matter that would be likely to take the adverse party by surprise. Having failed to plead this defense affirmatively, the respondent is deemed to have waived it. Moreover, the respondent, by its conduct subsequent to the defective service, is estopped from raising the issue. Respondent’s failure to reject the income execution *198 when it was received was a waiver of any defect in the manner of service. Had it been rejected, the petitioner would not have been lulled into a sense of security, and proper service could have then been accomplished without any great prejudice to the petitioner. Though respondent may not have intended to waive the defective service, the court cannot concern itself with such intention, but rather with the result of the prejudice to the petitioner by respondent’s failure to plead the defense and by its conduct, which lulled the petitioner into believing that its income execution would be honored. (See Spatz Furniture Corp. v. Lee Letter Serv., 52 Misc 2d 291, affd. 54 Misc 2d 359.)
Accordingly, let judgment be entered in favor of the petitioner as against the respondent in the sum of $205.40, with appropriate interest and costs.