OPINION OF THE COURT
David O. Boehm, J.
Is an assumed name, under which someone does business, a separate entity for purposes of legal process? Strangely, given the many years that businesses have operated under assumed names, no guidance is offered in case law or legal treatises whether a corporation doing business under an assumed name must be designated and served in its corporate name, or whether it is sufficient to name and serve it under its assumed name.
*350 The question arises out of the attempt by the petitioner, Victor Auto Parts, to collect upon its judgment against one of the respondents, William Cuva. In response to an information subpoena, Cuva identified respondent, Century Auto Sales, as his employer. Unable to collect directly from Cuva, petitioner served a third-party execution upon Century Auto Sales, as Cuva’s named employer. After making several payments, Century, without explanation, stopped doing so.
Petitioner then brought this proceeding pursuant to CPLR 5231 (e), seeking, inter alia, a judgment for the unpaid installments against Century Auto Sales and respondent, Market-view Leasing, Inc., the corporation which petitioner believed was doing business as Century Auto Sales.
Thereafter, petitioner learned that before the service of its third-party execution on Century Auto Sales, Marketview Leasing, Inc. had ceased using the assumed name and had filed a certificate of discontinuance with the Secretary of State. Shortly afterwards, and again before service of petitioner’s execution, a new entity, Town and Country Cars, Inc., filed with the Secretary of State a certificate of doing business under the name of Century Auto Sales. Since petitioner had only inspected the records of the Monroe County Clerk, which still showed Century Auto Sales as an assumed name of Marketview Leasing, Inc., it was unaware of the changes. No new certificates had been filed with the County Clerk, nor is such filing required (General Business Law § 130 [10]).
Since Marketview Leasing, Inc. was no longer doing business as Century Auto Sales when the income execution was served, there is no basis for granting a judgment against Marketview. The novel issue presented here is the effect of the failure to name and serve the third-party execution upon Town and Country. In addition, respondents contend that the failure to name and serve Town and Country is a fatal defect to petitioner’s application because Town and Country is a necessary party.
General Business Law § 130 sets forth the requirements for the filing of a certificate of assumed name and the procedure for doing so. The statute does not expressly address the effect of such filing when a person seeks to bring suit against a business operating under an assumed name, but does provide that persons conducting business under an assumed name who have not complied with the statute’s requirements are prohibited from maintaining an action or proceeding on any con *351 tract, account or transaction made in a name other than its real name until the required certificate has been executed and filed (§ 130 [9]). The statutory language would seem to permit, upon the proper filing of a doing business certificate, a business entity to maintain an action or proceeding in its assumed name. Conversely, a logical and fair interpretation would be that one who deals with the business entity under its assumed name may, similarly, bring an action or proceeding against it in its assumed name.
This result is consistent with recent legislation which added sections 1813 and 1814 to the various Small Claims Court Acts (CCA, UDCA, UCCA, UJCA), and permits a judgment creditor to enforce the judgment against the judgment debtor in its true name or any other name by which it conducts business (see, Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law § 130, at 184-185).
Respondents’ contention that the failure to specifically serve and name Town and Country Cars as a party is fatal to petitioner’s application ignores the fact that Century Auto Sales is not an independent entity. It is merely the name by which Town and Country chose to conduct its business. The mere creation of another name does not create another entity. The name may distinguish the business, just as an advertising logo does; it does not separate it. In the absence of any claim that service of either the third-party execution or the petition was not made upon an appropriate person in the corporation (see, CPLR 311), the respondents’ position is without merit.
Additionally, there was no objection raised when the execution was first served on Century. As stated, several payments were made pursuant to it. Any right which may have existed to object to the execution was, therefore, waived (see, Vista Sales Corp. v Briggsford Corp., 63 Misc 2d 196, mod on other grounds 65 Misc 2d 690).
Accordingly, petitioner is granted a judgment against Town and Country Cars, Inc., doing business as Century Auto Sales, for any unpaid installments due under the income execution. In addition, petitioner is granted leave to amend the caption, nunc pro tunc, to designate Town and Country Cars, Inc., doing business as Century Auto Sales, as a respondent in this proceeding (CPLR 1024; see also, Fiorella v Buffalo Park Lane Rest., 49 Misc 2d 518 [Jasen, J.]).