TOULOUSAINE DE DISTRIBUTION ET DE SERVICES, APPELLANT, V.
TRI-STATE SEED AND GRAIN, APPELLEE.
TOULOUSAINE DE DISTRIBUTION ET DE SERVICES, APPELLANT, V.
CLIFFORD E. OLSON, DOING BUSINESS AS TRI-STATE SEED AND
GRAIN, APPELLEE.
520 N.W.2d 210

Filed July 5, 1994.    Nos. A-93-031, A-93-871.

Michael S. Mostek, Robert J. Kmiecik, and Jeffrey L. Thomas, of McGill, Gotsdiner, Workman & Lepp, P.C., for appellant.

James D. Owens for appellees.

SIEVERS, Chief Judge, and CONNOLLY and HANNON, Judges.

HANNON, Judge.

Toulousaine de Distribution et de Services, a French company, sought to register in Nebraska a judgment that it had obtained in New York State against Tri-State Seed and Grain. These two related cases test the validity of that judgment as a personal judgment against Clifford E. Olson, a Nebraska resident. By proceeding in a manner which will be outlined later, the trial court held that Olson was not personally liable on that judgment, because that judgment was obtained only against Tri-State Seed and Grain, and granted Olson a permanent injunction which prevented Toulousaine from enforcing that judgment against Olson or his property. In case No. A-93-031, we conclude that the judgment was against Olson, notwithstanding the name used for the defendant, and reverse the trial court's judgment and remand the cause with directions. We affirm the dismissal of case No. A-93-871.

In case No. A-93-031, Toulousaine sought to register a New York judgment in Nebraska. On November 24, 1992, the court registered the judgment against Tri-State Seed and Grain without Olson's answering or otherwise objecting to the registration. The court also, however, permanently enjoined Toulousaine from executing the judgment against property of Olson.

After the permanent injunction was entered, Toulousaine instituted a second proceeding in New York to amend the original New York judgment by substituting "Clifford E. Olson, d/b/a Tri-State Seed & Grain" as the defendant, rather than "Tri-State Seed & Grain" alone. The New York court did

so, and Toulousaine then commenced another action for registration of foreign judgment, seeking to register that judgment in Nebraska. This action is case No. A-93-871 in this court. Olson filed an answer in No. A-93-871 in which he alleges that the order in case No. A-93-031 was res judicata to the later action, that his name was never mentioned in the arbitration proceeding which is the basis for the New York judgment, that the New York court was without jurisdiction to grant the relief requested, and that the action constitutes a collateral attack on the previous action. Olson also sought a temporary and permanent injunction against the execution of the judgment against Olson's property and obtained a temporary restraining order. Ultimately, both parties filed motions for summary judgment. The court granted Olson a summary judgment dismissing case No. A-93-871 with costs taxed to Toulousaine.

The parties filed a motion, which we granted, to have these cases consolidated for appeal. We conclude that Olson was doing business as Tri-State Seed and Grain, that the judgment was valid against him personally, and that the permanent injunction in case No. A-93-031 should not have been granted. Because we must reverse the judgment in case No. A-93-031 and remand the cause with directions to dissolve the injunction and allow the judgment to be enforced against Olson personally, the errors assigned in case No. A-93-871 become moot. The dismissal of case No. A-93-871 is affirmed.

## FACTS

The judgment against Tri-State Seed and Grain was recovered in the Supreme Court of the State of New York. Olson did not answer or otherwise dispute the jurisdiction of the New York court over Tri-State Seed and Grain, and Olson did not appeal from the order of the trial court in case No. A-93-031 when it registered the foreign judgment. Under these circumstances, the facts are immaterial regarding the validity of the judgment, but they are nonetheless relevant to determining whom the judgment is against.

The evidence in case No. A-93-031 concerning the motion for a permanent injunction is the court file (introduced without objection), the deposition of Olson containing documents, and

an affidavit of Toulousaine's attorney with certain documents attached. This evidence shows that Seed-link, a seed brokerage company out of Canada, contacted Olson in an effort to acquire certified Piper Sudan hayseed for Toulousaine. On May 14, 1990, Olson agreed to sell Piper Sudan seed to Toulousaine via Seed-link. A confirmation of the agreement was sent to "Tri-State Seed & Grain" at "Box 12[,] Haigler, Nebraska, 69030," Olson's home address. On May 24, Olson contracted with Benedict Palen, Jr., in order to purchase the certified Piper Sudan seed to cover the Toulousaine contract. Olson signed a confirmation of this agreement under the name of an entity called Tri State Seed Grain, Inc., with an address of P.O. Box 12, Haigler, Nebraska, 69030, and a phone number of (308) 297-3283, Olson's home phone number.

In the fall of 1990, Olson discovered that Palen would not be able to deliver the seed. Olson filed a claim against Palen, but did not recover because Palen went into bankruptcy. Olson thereafter notified Seed-link that he could not deliver the seed to Toulousaine. Toulousaine subsequently demanded arbitration with the American Arbitration Association. The record does not establish Tri-State Seed and Grain's obligation to submit to arbitration in New York, but the attorney that is currently representing Olson submitted a brief on behalf of Tri-State Seed and Grain in those proceedings.

The association found in favor of Toulousaine, and Toulousaine filed a petition to confirm the arbitrators' award in the Supreme Court of New York, that is, to obtain a judgment based on the award. Notice of that action was mailed to "Tri-State Seed & Grain[,] c/o Clifford Olsen [sic]" at "Rural Route[,] Haigler, Nebraska 69030." The affidavit of service indicated that a copy of the notice of petition was given to "Belva E. Olson," the spouse of Clifford, by the sheriff at "RR, Haigler, Nebraska." On July 15, 1992, the Supreme Court of New York entered a judgment in favor of Toulousaine against "Tri-State Seed & Grain" for $62,059.03. Toulousaine sought to register that judgment.

Olson asserted that as a sole proprietor he had never done business as "Tri-State Seed & Grain," but that he had only done business under the name of "Tri-State Seed & Grain *Company*"

or "Tri-State Seed *Company*." Olson testified that he had never incorporated any of these businesses.

On November 24, 1992, the district court for Dundy County registered the judgment against Tri-State Seed and Grain. After specifically finding that there "is no evidence that Clifford Olson or Cliff Olson ever held himself out to be doing business as Tri-State Seed and Grain and in fact that is specifically denied," it permanently enjoined Toulousaine from executing the judgment against Olson. Toulousaine filed a motion for reconsideration or a new trial, which was denied, and subsequently perfected this appeal.

## SCOPE OF REVIEW

■■ An action for injunction sounds in equity. *County of Dakota v. Worldwide Truck Parts & Metals*, 245 Neb. 196, 511 N.W.2d 769 (1994); *City of Newman Grove v. Primrose*, 240 Neb. 70, 480 N.W.2d 408 (1992); *Kaiser v. Western R/C Flyers*, 239 Neb. 624, 477 N.W.2d 557 (1991); *Stuthman v. Adelaide D. Hull Trust*, 233 Neb. 586, 447 N.W.2d 23 (1989). In an appeal of an equity action, this court tries the factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where the credible evidence is in conflict on a material issue of fact, we consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *County of Dakota v. Worldwide Truck Parts & Metals, supra*; *Vejraska v. Pumphrey*, 241 Neb. 321, 488 N.W.2d 514 (1992).

■ A party seeking injunction must establish by a preponderance of the evidence every controverted fact necessary to entitle the claimant to relief. *Uhing v. City of Oakland*, 236 Neb. 58, 459 N.W.2d 187 (1990); *Giger v. City of Omaha*, 232 Neb. 676, 442 N.W.2d 182 (1989); *Gruber v. County of Dawson*, 232 Neb. 1, 439 N.W.2d 446 (1989); *Federal Land Bank of Omaha v. Swanson*, 231 Neb. 868, 438 N.W.2d 765 (1989).

## ANALYSIS

■ A judgment rendered by a court from another state which had jurisdiction is to be given full faith and credit and has the

same validity and effect in this state as in the state rendered. *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988). Concerning the Uniform Enforcement of Foreign Judgments Act, Neb. Rev. Stat. § 25-1587 et seq. (Reissue 1989), the Nebraska Supreme Court stated in *Sullivan v. Sullivan*, 168 Neb. 850, 855, 97 N.W.2d 348, 352 (1959): "[T]he legislative intent was to grant to the judgment creditor by the right of levy the same right which the holder of a domestic judgment has with reference to the property and rights of a judgment debtor."

■ In case No. A-93-031, the district court registered the judgment against Tri-State Seed and Grain, and therefore Toulousaine has the rights of a holder of a domestic judgment against Tri-State Seed and Grain. However, the debtor is not without recourse because Nebraska case law provides that a foreign court rendering a judgment is presumed to have had jurisdiction over the parties; however, a foreign judgment can be collaterally attacked by evidence that the rendering court was without such jurisdiction. *First Fed. Sav. & Loan Assn. v. Wyant*, 238 Neb. 741, 472 N.W.2d 386 (1991). In this case, Olson did not collaterally attack the jurisdiction of the New York court.

In fact, as noted above, Olson never even filed an answer to Toulousaine's petition to register the foreign judgment against Tri-State Seed and Grain. Olson chose to respond to Toulousaine's petition by filing a motion for a temporary restraining order and permanent injunction so that Toulousaine could not execute a levy upon Olson's goods and chattel. Olson claimed in his motion that the judgment should not be executed against him because he held no property for Tri-State Seed and Grain, nor was he personally liable because he had not been made a party to any of the proceedings in New York. Because Olson chose not to collaterally attack the New York judgment and prevent its registration, and because the trial court registered the judgment against Tri-State Seed and Grain, the sole question before the court is the effect of the judgment.

The district court granted the injunction which, in effect, voided the judgment, because it found that Olson was not personally liable for the obligations of Tri-State Seed and Grain. The trial court was wrong.

Neb. Rev. Stat. § 25-313 (Reissue 1989) provides:

Any company or association of persons formed for the purpose of (1) carrying on any trade or business . . . *may sue and be sued by such usual name as such company, partnership or association may have assumed to itself or be known by.* It shall not be necessary in such case to set forth in the process or pleadings or to prove at the trial the names of the persons composing such company.

(Emphasis supplied.)

Additionally, Neb. Rev. Stat. § 25-312 (Reissue 1989) provides that in an action on a written instrument, it is sufficient to designate the defendant "by the name or part of name by which he is designated in the instrument upon which action is brought."

Although no cases could be found directly on point in Nebraska, other jurisdictions have held that

"so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name."

*Aman Collection Service, Inc. v. Burgess,* 612 S.W.2d 405, 408 (Mo. App. 1981) (quoting *Parry v. Woodson,* 33 Mo. 347 (1863)). In *Aman Collection Service, Inc.,* a wheatgrowers association entered into a contract with "Robert V. Burgess, Dako Products Company." Dako defaulted on the contract, and the association filed a suit against "Dako Products Company" in South Dakota. Summons was served on "Bob Burgess" by a deputy. The South Dakota court entered a default judgment against Dako Products Company. The association assigned the claim, and the collection service sought to have the judgment registered in Missouri. In the Missouri action, Burgess filed a motion for summary judgment, asserting that the South Dakota judgment was only against Dako and could not have an effect against him personally. The trial court in Missouri disagreed, and Burgess appealed.

The Missouri appellate court stated that a misnomer is not automatically fatal, and if the judgment creditor can show

who the true defendant is, it may proceed to enforce a judgment against the debtor. The court also stated that if a defendant is personally served, even if the name is incorrect, he must appear and call attention to the defect. Failing to do so waives the objection to the misnomer and allows a judgment to be rendered against him by default. The court concluded by stating that Dako Products Company was merely a trade name under which Burgess operated and that because they were one and the same, the findings of the trial court were amply supported. Cf. *Ayers Asph. Pav. v. Rose Cem. & Constr.*, 109 Ill. App. 3d 520, 440 N.E.2d 907 (1982) (holding that the Illinois Uniform Enforcement of Foreign Judgments Act did not allow the plaintiff to amend an Ohio judgment to include the name of the defendant corporation, which had not been named as a party in the original Ohio action, and that the plaintiff's relief must be obtained in the Ohio courts).

In the case at bar, Olson testified in his deposition that he had been doing business under variations of the name of "Tri-State Seed Company" since about 1985. He admitted that he had entered into the contract, offered as part of exhibit 1, with Toulousaine. The name on the contract with Toulousaine was "Tri-State Seed & Grain." The address of "Tri-State Seed & Grain" is Olson's home address. He admitted that he intended to cover this seed contract by purchasing seed from Palen. The stationery he used to confirm his seed purchase from Palen was printed with the name "Tri State Seed Grain, Inc." When Palen breached that contract, Olson notified Seed-link that he would not be able to perform under the Toulousaine contract. Olson has been clearly identified as the " 'one against whom the judgment was rendered.' " *Aman Collection Service, Inc. v. Burgess*, 612 S.W.2d at 408.

The law from other jurisdictions also indicates that doing business under another name or several names does not create an entity separate and distinct from the person operating the business, and the person remains personally liable for all his or her obligations. *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381 (D. Neb. 1977). See, also, *Patterson v. V & M Auto Body*, 63 Ohio St. 3d 573, 589 N.E.2d 1306 (1992) (holding that a sole proprietorship was not a separate legal entity capable of

being sued under Ohio law); *Victor Auto Parts, Inc. v. Cuva*, 148 Misc. 2d 349, 560 N.Y.S.2d 269 (1990) (holding that one who deals with a business entity under an assumed name may bring an action against it under the assumed name); *Rink v. NPN, Inc.*, 419 N.W.2d 194 (N.D. 1988) (holding that because Rink operated his business as an unincorporated sole proprietorship, he signed the contract at issue in his personal capacity and was therefore personally liable). Additionally, under Nebraska law a court obtains jurisdiction over a defendant by personal service of process, even though the defendant is defectively described. *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988).

The evidence is clear that it was Olson, doing business as a sole proprietor, who entered into this contract with Toulousaine to deliver seed and subsequently breached that contract. In the arbitration proceeding, Toulousaine submitted its complaint against the same sole proprietorship that was designated as the purchaser in the contract. Tri-State Seed and Grain, the sole proprietorship, was represented by counsel, the same counsel who now represents Olson, during the arbitration proceedings. Olson was served with residence notice when Toulousaine petitioned to have the arbitrators' award affirmed by the New York Supreme Court. See Neb. Rev. Stat. § 25-505.01(b) (Reissue 1989). The judgment of the New York Supreme Court was against a *sole proprietor* from whom Toulousaine purchased seed. That sole proprietor was Olson. The misnomer was not fatal. Olson did not attack the jurisdiction of the New York court to enter the judgment, and there is nothing in the record suggesting that court did not have jurisdiction to enter the judgment.

The district court erred in granting the permanent injunction against Toulousaine because Olson, as the sole proprietor who contracted to sell the Piper Sudan seed, is personally liable, even if the main judgment documents use the wrong name. Therefore, the district court's order must be reversed and the cause remanded for the levy to issue.

## CONCLUSION

The entry of the New York judgment against Tri-State Seed

and Grain in case No. A-93-031 was not appealed. That judgment stands. We have determined that the injunction should not have been granted to Olson, and that order must be reversed and the cause remanded with directions. Toulousaine may execute the registered judgment against Olson because he is the sole proprietor. Because of the resolution of these issues, the assigned errors from case No. A-93-871 have become moot and need not be addressed. Furthermore, since all of the parties' controversies are settled by resolution of case No. A-93-031, the district court's order in case No. A-93-871, dismissing the case, should be affirmed.

JUDGMENT IN NO. A-93-031 REVERSED AND REMANDED WITH DIRECTIONS.
JUDGMENT IN NO. A-93-871 AFFIRMED.